FILED
SUPERIOR COURT
OF GUAM

2021 MAR -9 PM 5: 01

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| CONRADO G. CABRERA, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTO LABANZA and<br>DOES I through X,<br><br>Defendant. | Civil Case No. CV1314-19<br><br>**DECISION & ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER** |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon submission of Defendant's Motion to Reconsider. Attorney Mark E. Williams represents Plaintiff Conrado G. Cabrera, Jr. ("Plaintiff"), and Attorney Gary W.F. Gumataotao represents Defendant Roberto Labanza ("Defendant"). Having duly considered the parties' briefs, the record on file in this matter, and the applicable law, the Court **DENIES** Defendant's MOTION FOR RECONSIDERATION.

## BACKGROUND

Plaintiff filed his Complaint for Assault and Battery against Defendant on November 19, 2019, alleging that an altercation occurred at a company Thanksgiving party at the parties' workplace in 2017. Defendant allegedly ran towards Plaintiff and shoved him over a chair, causing him to hit a stove and fall to the ground. *Compl.* at ¶ 6 (Nov. 19, 2019).

*Cabrera v. Labanza, et al.,* Civil Case No. CV1314-19
Decision and Order Denying Motion for Reconsideration
Page 1 of 6

Defendant filed his Motion to Dismiss on January 21, 2020, arguing that (1) this Court lacks subject matter jurisdiction because Plainitff's claims are barred by the exclusivity of Guam's Worker's Compensation Statute, (2) Plaintiff failed to exhaust administrative remedies before filing his Complaint, and (3) in the alternative, that the instant matter is ripe for summary judgement. *Mot. to Dismiss* at p. 2, 4. Plaintiff filed his Opposition to Defendant's Motion to Dismiss on February 18, 2020, arguing that (1) this Court has subject matter jurisdiction over the instant matter, and (2) Plaintiff does not need to file a claim with the Worker's Compensation Commission ("WCC") prior to filing suit. Plaintiff also argued that Defendant should be sanctioned under Guam's Local Rule of Civil Procedure 11 due to Defense Counsel's alleged plagiarism of previous decisions without providing any independent legal arguments applicable to the instant case.

Defendant filed his Reply to Plaintiff's Opposition on February 19, 2020. On October 5, 2020, the Court issued its Decision and Order denying Defendant's Motion to Dismiss and denying Paintiff's request for sanctions on procedural grounds.

Defendant filed his Motion for Reconsideration on October 15, 2020, again arguing Plaintiff's claims are barred by the exclusivity of Guam's Worker's Compensation Statute. Plaintiff filed his Opposition on November 9, 2020, arguing that (1) Defendant's Motion for Reconsideration is not within the acceptable grounds for reconsideration because it repeats arguments already made before the Court, and (2) the Court was correct in holding that the Worker's Compensation Statute does not apply to the instant matter. *Pl.'s Opp'n to Mot. Recons.* at 3. The Court took this matter under advisement on December 15, 2020.

//

//

*Cabrera v. Labanza, et al.,* Civil Case No. CV1314-19
Decision and Order Denying Motion for Reconsideration
Page 2 of 6

# DISCUSSION

**A. Defendant's Motion for Reconsideration fails because it merely repeats arguments from his initial motion.**

Under Guam's Local Rules of Civil Procedure 7.1(i), a party may move for reconsideration of a decision only on the grounds of:

1) A material difference in fact or law from that presented to the Court such that the exercise of reasonable diligence could not have been known to the moving party for reconsideration at the time of such decision; or
2) The emergence of a new material fact or change in law occurring after the time of such decision; or
3) A manifest showing of a failure to consider material facts presented to the Court before such decision.

Guam Super. Ct. CVR 7.1(i). The rule further states, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* The Supreme Court of Guam further instructs that reconsideration maybe granted where the trial court "(1) is presented with new evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. Although a Court may reconsider and amend a previous order, it is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Importantly, a party moving for reconsideration cannot use the motion "to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier." *Id.* (citing *Ward*, 1998 Guam 1 ¶ 13).

Here, Defendant's Motion for Reconsideration repeats the same arguments initially made in his Motion to Dismiss. First, Defendant's Motion for Reconsideration argues that the

*Cabrera v. Labanza, et al.,* Civil Case No. CV1314-19
Decision and Order Denying Motion for Reconsideration
Page 3 of 6

Court erred holding that the WCC lacks exclusive jurisdiction over intentional acts, because "the determination of whether WCC coverage exists depends wholly upon the investigation and findings of the WCC." *Mot. for Recons.* at p. 2. This is merely a restatement of the argument presented in the original Motion to Dismiss. *Mot. to Dismiss* at p. 7.

Next, Defendant's Motion to Reconsider contains a section titled "Statutory Presumptions." *Mot. to Recons.* at p. 3. This Section is copied nearly verbatim from a section with the exact same title in his Motion to Dismiss. *Mot. to Dismiss* at p. 6–7.

On page 4 of his Motion for Reconsideration, Defendant argues that (1) under 22 GCA § 9106, "the liability of an employer prescribed in § 9104 shall be exclusive and in place of all other liability of such employer to the employee...," and (2) "it is generally accepted that when such exclusivity applies and a claimant establishes that the administrative remedies available under the law have been exhausted or a claimant shows that pursuing such administrative remedies would be futile, an exception to exclusivity is established and the claimant's case may ... proceed at law . . . The exception is not available to Plaintiff in this case." *Mot. for Reconsideration* at p. 4; *Mot. to Dismiss* at p. 7. This argument directly mirrors his argument made on page 7 of his Motion to Dismiss. Even the argument heading "Exclusivity of Remedy" is the same. Defendant refers to the exact same authority, 22 GCA § 9106 and § 9180. In direct contrast to the requirements of Local Rule CVR 7.1(i), Defendant's Motion for Reconsideration merely repeats the same arguments contained in his Motion to Dismiss. Defendant neither provides any new material facts or law, nor any changes in the law to persuade the Court to change its holding made in its Decision and Order denying Defendant's Motion to Dismiss.

*Cabrera v. Labanza, et al.,* Civil Case No. CV1314-19
Decision and Order Denying Motion for Reconsideration
Page 4 of 6

**B.      The Court did not err in its October 5, 2020 Decision and Order.**

Having held that Defendant's Motion for Reconsideration is impermissible under Local Rule 7.1(i), the Court will nevertheless address the merits of Defendant's argument. Before reciting the exact same arguments included in his initial Motion to Dismiss, Defendant provides the following statement in his Motion for Reconsideration: "Defendant urges error based upon the law and goes to jurisdiction." As detailed below, the Court correctly interpreted the law in its previous Decision and Order.

In its October 5, 2020 Decision and Order, the Court held that it has subject matter jurisdiction to hear Plaintiff's claims and he is not required to bring his claim before the WCC. The Court's holding is consistent with the Superior Court's ruling in *Gibbs v. Holmes*, 2001 Guam 11 ¶ 25, that "the exclusive remedy provision of Guam Worker's Compensation Law ... limits an injured [sic] worker to worker's compensation benefits for injuries by the negligence of another person acting in the course of employment," and its ruling in *Amerault v. Intelcom Support Services, Inc.*, 2004 Guam 23 ¶ 10 n.5, that "intentional injuries are not covered by Workers' Compensation Law." Plaintiff's claims are properly characterized as intentional torts, not negligence, and as such Cabrera's claims do not fall within the gambit of the Worker's Compensation Statute. Accordingly, this Court properly denied Defendant's Motion to Dismiss.

//

//

[CONTINUED ON NEXT PAGE]

*Cabrera v. Labanza, et al.*, Civil Case No. CV1314-19
Decision and Order Denying Motion for Reconsideration
Page 5 of 6

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion for Reconsideration.

MAR 09 2021

SO ORDERED, this _____ day of _____ 2021.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

*Cabrera v. Labanza, et al.,* Civil Case No. CV1314-19
Decision and Order Denying Motion for Reconsideration
Page 6 of 6